IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY ALLEN SUMMERILL,          )
                                  )
            Plaintiff,            )
                                  )
      vs.                         )     Civil Action No. 2:20-1283
                                  )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
                                  )
            Defendant.            )
                                  )

AMBROSE, Senior District Judge

**OPINION**
and
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 15 and 17]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 16 and 18]. Plaintiff also filed a Reply Brief. [ECF No. 21]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [ECF No. 17] is granted and Plaintiff's Motion [ECF No. 15] is denied.

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about February 14, 2017. [ECF No.13-5 (Ex. 2D)]. In his application, he alleged that he was disabled due to blindness in right eye, arthritis, and hearing loss, and that he had been unable to work since February 14, 2017. [Id.; ECF No. 11-6 (Ex. 2E)]. Administrative Law Judge ("ALJ") Christian

Bareford held a hearing on April 23, 2019, at which Plaintiff was represented by counsel. [ECF No. 13-2, at 28-53]. Plaintiff appeared at the hearing and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 45-52. In a decision dated June 13, 2019, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 13-2, at 15-22]. On July 9, 2020, the Appeals Council denied Plaintiff's request for review. Id. at 1-3. Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 15 and 17]. The issues are now ripe for my review.

## II.      LEGAL ANALYSIS

### A.      STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a de novo review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a

court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382a(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the

decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745
F.2d 210, 221 (3d Cir. 1984).

    **B.   Whether the ALJ Erred at Step Two of the Analysis**

      At step two of the analysis, the ALJ found that Plaintiff had severe impairments, including
osteoarthritis and acquired sensorineural hearing loss. [ECF No. 13-2, at 17]. The ALJ also found
that Plaintiff had non-severe impairments, including visual deficits of the right eye due to retinal
vein occlusion and history of polysubstance abuse on methadone maintenance. Id. At step three
of the analysis, the ALJ found that Plaintiff did not have an impairment or combination of
impairments that met or medically equaled the severity of one of the listed impairments in 20
C.F.R. Part 404, Subpart P, Appendix 1, including Listings 1.02 and 2.10. Id. at 17-18. The ALJ
further found that Plaintiff had the residual functional capacity ("RFC") to perform less than the full
range of medium work. Specifically, he could: lift and carry up to 50 pounds occasionally and 25
pounds frequently; sit for six hours, stand for six hours, and walk for six hours; push and pull as
much as he could lift and carry; not communicate by telephone; never work at unprotected heights
or in close proximity to dangerous, moving, mechanical parts; and work only in an environment in
which the noise level does not exceed moderate noise. Id. at 18-21.

      Plaintiff argues that the ALJ erred at step two of the sequential evaluation process in failing
to find that his vision impairment was a severe impairment and failing to include any visual work-
related limitations in the RFC finding. [ECF No. 16, at 2-8]. The step-two inquiry into an
impairment's severity "is a *de minimis* screening device to dispose of groundless claims." Newell
v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). As set forth in 20 C.F.R. § 416.922(a),
an impairment or combination of impairments is not severe if it does not significantly limit a
claimant's physical or mental ability to do basic work activities. The regulations define basic work

4

activities as the abilities or aptitudes necessary to do most jobs, including, <u>inter alia</u>, physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. 20 C.F.R. § 404.1522(b). Thus, an impairment is not severe if the evidence establishes only a slight abnormality that has no more than a minimal effect on an individual's ability to work. <u>Newell</u>, 347 F.3d at 546; <u>Mays v. Barnhart</u>, 78 F. App'x 808, 811 (3d Cir. 2003); S.S.R. 85-28. Any doubt as to whether the step-two showing has been made must be resolved in favor of the claimant. <u>Newell</u>, 347 F.3d at 546-47. Although the Court of Appeals for the Third Circuit has commented that the Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny, it also has made clear that it does not suggest that a reviewing court apply a more stringent standard of review in such cases. <u>McCrea v. Comm'r of Soc. Sec.</u>, 370 F.3d 357, 360 (3d Cir. 2004). Rather, "[t]he Commissioner's denial at step two, like one made at any other step in the sequential analysis, is to be upheld if supported by substantial evidence on the record as a whole." <u>Id.</u> at 360-61.

As set forth above, the ALJ concluded that Plaintiff's osteoarthritis and acquired sensorineural hearing loss were severe impairments, but that his visual deficits of the right eye due to retinal vein occlusion were nonsevere. [ECF No. 13-2, at 17]. Plaintiff challenges this step two finding of non-severity regarding his vision impairment because he contends that the medical records show that he was essentially blind in his right eye, requiring a severity finding and additional restrictions in the RFC. [ECF No. 16].

After careful review, I disagree that reversal or remand is appropriate on this issue. Although the ALJ does not provide a detailed analysis of his step two findings, he notes elsewhere in the opinion that the record evidence does not reflect significant visual limitations, and that opinion evidence regarding the same was minimally supported. [ECF No. 13-2 at 18-21]. He also

gave great weight to the state agency physician, who considered Plaintiff's vision impairment and opined it was non-severe. [ECF No. 13-3 (Ex. 1A)].

Even if the ALJ's step-two determination was erroneous, however, the ALJ did not deny Plaintiff's application for benefits at step two of the analysis. Rather, the ALJ found in Plaintiff's favor at step two when he concluded that Plaintiff's osteoarthritis and acquired sensorineural hearing loss were severe impairments. [ECF No. 13-2 at 17]. The ALJ ruled against Plaintiff later in the sequential evaluation process, after concluding that his residual functional capacity was sufficient to enable him to perform his past relevant work. Id. at 18-20. Because the ALJ found in Plaintiff's favor at step two and proceeded with the sequential analysis, even if he had erroneously concluded that the above impairments were not severe, any such error was harmless. See Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 144-45 & n.2 (3d Cir. 2007) (citing Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005)); see also, e.g., ECF No.13-2 (ALJ Opinion) at 18 (noting that he considered all of Plaintiff's symptoms in determining his RFC); 18 (noting that Plaintiff was asserting blindness in his right eye and constant blurred vision (citing Exs. 2E, 3E)); 20 (noting consultative examiner, Dr. Schroeder's report stating that Plaintiff had visual limitations but that she had provided minimal support for her opinion); ECF No. 13-3 (Ex. 1A) (state agency reviewing physician opinion, which the ALJ gave great weight, which expressly considered Plaintiff's visual limitations and contained restrictions similar to those contained in the RFC). In addition, the RFC finding contained limitations related to vision impairments including the inability to work at unprotected heights and/or in close proximity to dangerous moving mechanical parts. [ECF No. 13-2, at 18].

In his primary brief and reply, Plaintiff also expresses concern that the ALJ improperly disregarded the opinion of consultative examiner Dr. Sabeh who considered Plaintiff's

impairments, including his vision impairment, and asserted, among many other things, that Plaintiff was unable to avoid ordinary hazards in the workplace such as boxes on the floor, ajar doors, or approaching people or vehicles. [ECF No. 13-2, at 20 (citing Ex. 5F)]. Plaintiff contends that, notwithstanding the DOT description, he could not even perform the jobs identified by the VE (floor waxer, hand packager, dining room attendant) with such a restriction. This is not a situation, however, where the ALJ failed to discuss Dr. Sabeh's opinion or even the restriction at issue. Rather, the ALJ discussed Dr. Sabeh's check-box medical source statement and accompanying report extensively and specifically acknowledged the "ordinary hazard" restriction set forth therein in his opinion. The ALJ, however, gave Dr. Sabeh's opinion only partial weight because it was only partially consistent with the totality of the evidence; any accepted restrictions were appropriately reflected in the RFC. See id. Again, those restrictions included the inability to work at unprotected heights and/or in close proximity to dangerous moving mechanical parts.[1]

In short, the ALJ's step two findings are supported by substantial evidence and/or any error in this regard was harmless. Because the ALJ properly analyzed Plaintiff's claim, and his findings are supported by substantial evidence, the decision below is affirmed. 42 U.S.C. § 405(g).

### III.   CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

---

[1] Defendant further contends that any error in this regard is harmless because the VE identified at least one job (floor waxer) that Plaintiff could perform that does not involve exposure to hazards. [ECF No. 18]. Indeed, the DOT description of the floor waxer job stats that it does not require near acuity, far acuity, depth perception, field of vision, exposure to moving mechanical parts, or exposure to high exposed places. See DOT #381.687-034, 1991 WL 673262. Although I need not decide this issue in light of my conclusions above, I note that other courts have cited this argument favorably. See, e.g., Jones v. Berryhill, 720 F. App'x 457, 459 (10th Cir. 2017) (rejecting claims that the ALJ failed to consider a visual impairment properly where the job identified at step 5 did not require near acuity, far acuity, depth perception, or accommodation).

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY ALLEN SUMMERILL,           )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )      Civil Action No. 2:20-1283
                                    )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
                                    )
            Defendant.              )
                                    )

AMBROSE, Senior District Judge

**ORDER OF COURT**

AND NOW, this 31st day of January, 2022, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Summary Judgment [ECF No. 17] is GRANTED, and Plaintiff's Motion for Summary Judgment [ECF No. 15] is DENIED. The decision of the Commissioner is hereby affirmed.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge